UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

OMAR PETERSON,
    Plaintiff,

vs.                              05-1278

D.T. WALSH,
    Defendant.

## ORDER

This cause is before the court for consideration of the defendant's motion to dismiss the plaintiff's complaint [d/e 6] and the plaintiff's response to the motion.

### I. BACKGROUND

The plaintiff, Omar Peterson, filed his complaint pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated at the Champaign County Jail. The plaintiff has named one defendant, Sheriff D.T. Walsh who he is suing in his individual capacity.

The plaintiff claims the defendant was aware that the showers in the jail did not function properly and left water accumulating on the floor inside and outside the showers. The plaintiff says he and numerous others told the defendant about the safety risk involved. In addition, the plaintiff says other inmates had fallen in the shower water. The plaintiff also claims the "Department of Corrections, Jail Detention Standards," told the defendant to repair the condition of the showers. (Comp., p. 3)

Nonetheless, the defendant took no action and the plaintiff says on January 14, 2004, he fell as a result of the shower water and sustained serious injuries. The plaintiff is suing the defendant for cruel and unusual punishment in violation of the Eighth Amendment. The defendant has filed a motion to dismiss.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. It is well established that pro se complaints are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Co.,* 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

When considering whether to dismiss a complaint for failure to state a claim, the court takes the allegations in the complaint as true, viewing all facts and reasonable inferences drawn from those facts in the light most favorable to the Plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990).

### III. ANALYSIS

The defendant argues that the plaintiff is attempting to turn a negligence claim into a constitutional violation. In order for the plaintiff to establish that his confinement amounted to unconstitutional punishment, he must again pass a two-prong test. The objective component of the test looks at the alleged conditions at the jail and whether they were sufficiently serious. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Was the plaintiff deprived of the "minimal civilized measure of life's necessities?" *Rhodes v. Chapman*, 452 US 337, 347 (1981); *Harris v. Fleming*, 839 F.2d 1232, 1234 (7th Cir. 1988).

To satisfy the subjective component, the plaintiff must demonstrate the defendants were deliberately indifferent to his health and safety. *Farmer v. Brennan*, 511 US 825, 837 (1994). This means plaintiff must show that the jail officials knew there was a substantial risk of serious harm to the plaintiff, and consciously disregarded that risk. *Id*.

The defendant argues that leaking showers and wet floors do not constitute a denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 US at 347. The defendant points to cases in which a slippery shower floor was not held to violate the Eighth Amendment. *See Snipes v. DeTella,* 95 F.3d 586 (7th Cir 1996) (inch or two of standing water in shower not a risk of future injury); *LaMaire v. Mass.*, 12 F.3d 1444 (9th Cir 1993)(slippery floors do not state an eighth amendment violation); *Reynolds v Powell* 370 F.3d 1028 (10th Cir. 2004) (standing water not cruel and unusual punishment).

The plaintiff argues that each of these cases is distinguishable because the plaintiff in the case at bar was in fact injured. In addition, the standing water was an on-going problem which the defendant knew was dangerous and had caused injury to other inmates. The plaintiff's argument fails. Numerous cases have held that slippery floors in similar situations did not rise to the level of a constitutional violation. *See Denz v. Clearfield County,* 712 F. Supp 65, 66 (W.D. Pa 1989) (slippery cell from humidity); *Robinson v. Cuyler*, 511 F. Supp 161, 163 (E.D. Pa 1981) (slippery kitchen floor); *Tunstall v Rowe*, 478 F.Supp 87, 89 (N.D. Ill. 1979) (greasy stairway); *Snyder v. Blankenship,* 473 F. Supp 1208, 1212 (W.D. Va. 1979) (pool of soapy water from leaking dishwasher.)

For instance, in *Snyder,* the plaintiff was forced to work in a prison kitchen with a dishwasher that leaked. *Snyder* 473 F. Supp at 1209. The plaintiff claimed the dishwasher had leaked for over a year and the defendants were aware of the safety hazard. *Id. a*t 1210. In addition, the plaintiff claimed before his injury, another inmate had fallen and broken his wrist due to the dishwasher water. *Id. a*t 1210. Nonetheless, the court found the plaintiff had not stated a violation of his constitutional rights and his claim simply did not "fall within the range of subhuman treatment" that warrants

intervention by federal court. *Id. a*t 1212.

The fact that the plaintiff's accident occurred in the jail does not vest the plaintiff with a right to federal adjudication of what is essentially a state common law tort claim. *See Tunstall* 478 F.Supp at 89; *Snyder* 473 F. Supp at 1212.  The court also finds that based on the case law cited, the defendants are entitled to qualified immunity.  The motion to dismiss is granted.

**IT IS THEREFORE ORDERED that:**

**The defendants' motion to dismiss the plaintiff's complaint is granted. [d/e 6]  This case is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915A.**

Entered this 4th day of July, 2006

                                                    s\Harold A. Baker

                                          HAROLD A. BAKER
                                UNITED STATES DISTRICT JUDGE